LAW OFFICE OF J. BLACKNELL
JOVAN BLACKNELL (SBN 237162)
200 Corporate Pointe, Suite 495
Culver City, CA 90230
T.: 310.469.9117; Fax.: 310.388.3765
Attorney for Plaintiff,
ANDRE MCCLELLAND

IN THE UNITED STATE DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE MCCLELLAND,<br><br>              **Plaintiff,**<br>vs.<br><br>LOS ANGELES COUNTY; DEPUTY MEDINA, individually and in his official capacity; DEPUTY ROE, individually and in his official capacity; DEPUTY CERVANTES, individually and in his official capacity; DEPUTY JUAREZ, individually and in his official capacity; OSJ ENFORCEMENT DEPUTY GORMAN, individually and in his official capacity; DOES 1 through 100, inclusive,<br><br>              **Defendants.** | **COMPLAINT FOR DAMAGES**<br><br>(1) Violation of Civil Rights (42 U.S.C. section 1983)<br>(2) Negligence<br>(3) Negligence Res Ipsa Loquitur<br>(4) Battery<br>(5) Intentional Infliction of Emotional Distress<br>(6) Interference with Constitutional Rights (Bane Act; California Civil Code Section 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ANDRE MCCLELLAND alleges on information and belief as follows:

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; NEGLIGENCE; NEGLIGENCE RES
IPSA LOQUITUR; BATTERY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;
INTERFERENCE WITH CONSTITUTIONAL RIGHTS

## PARTIES

1. At all relevant times mentioned in this Complaint, Plaintiff ANDRE MCCLELLAND (hereinafter "Mr. McClelland" or "PLAINTIFF") was a resident of Los Angeles County, California.

2. At all times relevant herein, Plaintiff was an incarcerated inmate in the custody of DEFENDANT LOS ANGELES COUNTY at the Men's Central Jail facility in Los Angeles, California.

3. DEFENDANT LOS ANGELES COUNTY (hereinafter, "COUNTY") was at all times relevant herein, and is, a public entity duly organized and existing under and by virtue of the laws of the State of California.

4. COUNTY is responsible for the care and custody of inmates incarcerated in COUNTY jail facilities.

5. DEFENDANT COUNTY is responsible for the funding, staffing, and direction of Los Angeles Sheriff's Department (hereinafter also "LASD"); for the hiring, retention, training, and supervision of LASD employees; and for the observation of rights of LASD employees and persons subject to LASD jurisdiction.

6. At all times applicable herein, DEPUTY MEDINA (hereinafter "DEFENDANT DEPUTY MEDINA" or "MEDINA") was an individual residing, on information and belief, in the County of Los Angeles, and was an agent, employee, or representative of COUNTY. DEFENDANT DEPUTY MEDINA is sued herein both in his individual capacity and in his official capacity as an agent of COUNTY.

7. At all times applicable herein, DEPUTY ROE (hereinafter "DEFENDANT DEPUTY ROE" or "ROE") was an individual residing, on information and belief, in the County of

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; NEGLIGENCE; NEGLIGENCE RES IPSA LOQUITUR; BATTERY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; INTERFERENCE WITH CONSTITUTIONAL RIGHTS

2

Los Angeles, and was an agent, employee, or representative of COUNTY. DEFENDANT DEPUTY ROE is sued herein both in his individual capacity and in his official capacity as an agent of COUNTY.

8. At all times applicable herein, DEPUTY CERVANTES (hereinafter "DEFENDANT DEPUTY CERVANTES" or "CERVANTES") was an individual residing, on information and belief, in the County of Los Angeles, and was an agent, employee, or representative of COUNTY. DEFENDANT DEPUTY CERVANTES is sued herein both in his individual capacity and in his official capacity as an agent of COUNTY.

9. At all times applicable herein, DEPUTY JUAREZ (hereinafter "DEFENDANT DEPUTY JUAREZ" or "JUAREZ") was an individual residing, on information and belief, in the County of Los Angeles, and was an agent, employee, or representative of COUNTY. DEFENDANT DEPUTY JUAREZ is sued herein both in his individual capacity and in his official capacity as an agent of COUNTY.

10. At all times applicable herein, OPERATION SAFE JAILS ENFORCEMENT DEPUTY GORMAN (hereinafter "DEFENDANT OSJ GORMAN" or "GORMAN") was an individual residing, on information and belief, in the County of Los Angeles, and was an agent, employee, or representative of COUNTY. DEFENDANT OSJ GORMAN is sued herein both in his individual capacity and in his official capacity as an agent of COUNTY.

11. Hereinafter, all Defendants, including those presently named as DOE defendants, that are determined to have acted on behalf of, or as agents, employees, or representatives of LASD shall be collectively referred to as "LASD DEFENDANTS."

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; NEGLIGENCE; NEGLIGENCE RES IPSA LOQUITUR; BATTERY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; INTERFERENCE WITH CONSTITUTIONAL RIGHTS

3

12. PLAINTIFF is ignorant of the true names and capacities of those Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues them by such fictitious names. PLAINTIFF will amend this Complaint to show the true names and capacities of said DOE Defendants when the same are ascertained. PLAINTIFF is informed and believes, and thereon alleges, that each of the fictitiously named Defendants was in some manner liable and legally responsible, in that their conduct caused the damages and injuries set forth herein.

13. PLAINTIFF is informed and believes and, based upon such information and belief, alleges that each of the above-named parties was and is an agent, employee, principal, or employer of each of the remaining defendants and vice/versa. In addition, PLAINTIFF is informed and believes and on such basis allege that the defendants named hereinabove, and each of them, are responsible in some manner for the occurrences herein alleged, and that each of the above-named defendants conspired with, and/or aided and/or abetted each of the remaining defendants in committing the acts herein alleged.

14. PLAINTIFF is informed and believes and on such basis alleges that at all relevant times, DEFENDANTS, and each of them, were the knowing agents and/or alter egos of one another and that Defendants directed, ratified, and/or approved the conduct of each of the other Defendants, and each of their agents or employees, and are therefore vicariously liable for the acts and omissions of their co-defendants, their agents and employees, and more fully alleged herein. Furthermore, all of the Defendants agreed upon, approved, ratified, and conspired to commit all of the acts and/or omissions alleged in this complaint.

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; NEGLIGENCE; NEGLIGENCE RES IPSA LOQUITUR; BATTERY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; INTERFERENCE WITH CONSTITUTIONAL RIGHTS

4

## JURISDICTION

15. PLAINTIFF ANDRE MCCLELLAND brings the instant action pursuant to 42 U.S.C. Section 1983 to redress the conduct by DEFENDANTS, who, at all times relevant herein, acted under color of state law, and thereby deprived PLAINTIFF of his rights secured under the United States Constitution, including the Fourth, Eighth, and Fourteenth Amendments, as well as under federal and state law.

16. This court has subject matter jurisdiction over the instant action pursuant to 28 U.S.C. sections 1343(a)(3) and 1343(a)(4) because PLAINTIFF's claims under 42 U.S.C. section 1983 present questions arising under the laws, treaties, and Constitution of the United States, such that these questions can only decided by a competent federal court. This court has supplemental jurisdiction pursuant to 28 U.S.C. section 1367 over those claims that do not arise under the laws, treaties, and Constitution of the United States because those claims arise from the same occurrence that gave rise to the governing federal questions.

17. This court has personal jurisdiction over DEFENDANT COUNTY because DEFENDANT COUNTY is a public entity existing and operating solely in the Central District of California.

18. This court has personal jurisdiction over LASD DEFENDANTS, and each of them, because, on information and belief, LASD DEFENDANTS are each domiciled in the Central District of California.

19. On December 21, 2018, Plaintiff filed a notice of government claim with DEFENDANT COUNTY OF LOS ANGELES pursuant to the California Tort Claims Act. *Cal. Gov. Code. § 900 et. seq.*.

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; NEGLIGENCE; NEGLIGENCE RES IPSA LOQUITUR; BATTERY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; INTERFERENCE WITH CONSTITUTIONAL RIGHTS

5

20. On February 4, 2019, Plaintiff's claim for damages was denied by operation of law as a result of DEFENDANT'S failure to respond to the claim within 45 days of service. *Cal. Gov. Code § 912.4.*

21. Plaintiff filed the instant complaint within six (6) months of COUNTY's denial of his properly noticed claim, as required under California Tort Claims Act. *See Cal. Gov. Code § 945.4; 945.6.*

## VENUE

22. Venue is proper as to COUNTY because the court is located within Los Angeles County, COUNTY's jurisdiction aligns with that of the court, and all of COUNTY's activities take place in Los Angeles County.

23. Venue is proper as to all individual DEFENDANTS because, on information and belief, all individual DEFENDANTS reside in the Los Angeles County; the individual DEFENDANTS were the knowing agents or representatives of COUNTY; the events at issue occurred in Los Angeles County; and PLAINTIFF is a resident of Los Angeles County.

24. PLAINTIFF alleges on information and belief that DOES 1 through 100, inclusive, are also residents of the Central District of California and that the Court has jurisdiction over those defendants, rendering venue proper as to those parties as well.

25. The Central District of California is also the proper venue for this action pursuant to 28 U.S.C. § 1391 because all acts giving rise to this action occurred in the Central District of California.

//

//

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; NEGLIGENCE; NEGLIGENCE RES IPSA LOQUITUR; BATTERY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; INTERFERENCE WITH CONSTITUTIONAL RIGHTS

6

## COMMON ALLEGATIONS

26. PLAINTIFF was arrested and taken into the custody of DEFENDANT COUNTY on August 24, 2017.

27. On August 28th or 29th, 2018, PLAINTIFF remained in the custody of DEFENDANT COUNTY at Men's Central Jail in Los Angeles, California.

28. Agents, employees, and/or representatives of DEFENDANT COUNTY exercise exclusive dominion and control over Los Angeles County jail facilities, including Men's Central Jail.

29. Agents, employees, and/or representatives of DEFENDANT COUNTY, exclusively, control access to each area, part, module, section, cell, room, office, pod, and/or tier in Men's Central Jail.

30. On August 28th or 29th, 2018, between the hours of 2:00 p.m. and 7:00 p.m., PLAINTIFF was ordered to exit his cell by COUNTY representatives assigned to his module.

31. The deputies that took PLAINTIFF out of his cell at the aforementioned date and time told PLAINTIFF that the reason he was exiting was because a friend asked the deputies to inform PLAINTIFF that the friend had food he wished to share with PLAINTIFF.

32. At the time that PLAINTIFF was ordered to exit a cell, no other inmates were ordered to exit their cell.

33. After PLAINTIFF was ordered to exit his cell, he was directed by LASD deputies to exit his assigned module and enter another module.

34. From the control booth on cell block 4700, DOE Defendant deputies opened the door to PLAINTIFF'S cell, then opened another door for PLAINTIFF to exit his module and enter another module.

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; NEGLIGENCE; NEGLIGENCE RES IPSA LOQUITUR; BATTERY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; INTERFERENCE WITH CONSTITUTIONAL RIGHTS

7

35. When PLAINTIFF reached the other cell block (cell block 4800), he was ordered to enter a specific cell on that module. The cell was completely dark: DOE Defendant deputies ordered the lights turned off in that cell.

36. When PLAINTIFF entered the cell specified by DOE Defendant deputies, two men, who were already placed in that cell, attacked him. The men were armed with rudimentary knives, and attacked Plaintiff by stabbing, punching, and kicking him.

37. On information and belief, at least one of the men in the cell was a Blood gang member, and his gang affiliation was known to DEFENDANTS at all times relevant to this action.

38. On information and belief, Plaintiff was forced to fight for his life in that cell for approximately three minutes, during which time he sustained grievous injuries to his torso, arms, legs, and face.

39. DEFENDANT DEPUTIES and DOE DEFENDANTS watched the bloody fight from the control booth of cell block 4800 while laughing and cheering.

40. When DEFENDANTS finally opened the cell, all persons involved in the combat were covered in blood.

41. On information and belief, the individuals that attacked Mr. McClelland were rewarded by DOE Defendant deputies with food and/or privileges.

42. On information and belief, the previously named Deputy Defendants and DOE Defendants stated that the fight was orchestrated at the direction of Operation Safe Jails Enforcement Deputy Gorman.

43. After being returned to his assigned module and cell by DOE Defendant deputies, Plaintiff was threatened with further reprisals if he informed authorities about the aforementioned attack.

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; NEGLIGENCE; NEGLIGENCE RES IPSA LOQUITUR; BATTERY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; INTERFERENCE WITH CONSTITUTIONAL RIGHTS

## FIRST CAUSE OF ACTION – VIOLATION OF 42 U.S.C. § 1983 (FOURTH, EIGHTH, AND FOURTEENTH AMENDMENTS)

### By Plaintiff ANDRE MCCLELLAND

### Against ALL DEFENDANTS:

44. PLAINTIFF realleges, and incorporates herein as if set forth in full, paragraphs 1 through 43, above.

45. At all times relevant herein, COUNTY representatives, including DOE Defendants 1 through 100, acted under color of law.

46. At all times relevant herein, PLAINTIFF had, and has, a clearly established right, secured by the laws and Constitution of the United States, made applicable to the State of California through the Fourteenth Amendment, to be safe and secure in the unmolested integrity of his body.

47. At all times relevant herein, PLAINTIFF had, and has, a clearly established right, secured by the laws and Constitution of the United States, made applicable to the State of California through the Fourteenth Amendment, to freedom from unreasonable seizure through excessive force.

48. Even while incarcerated, PLAINTIFF had, and has, a right, secured by the laws and Constitution of the United States, made applicable to the State of California through the Fourteenth Amendment, to freedom from unwarranted law enforcement intrusion on the integrity of his person where such intrusion is not related to a legitimate law enforcement objective.

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; NEGLIGENCE; NEGLIGENCE RES IPSA LOQUITUR; BATTERY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; INTERFERENCE WITH CONSTITUTIONAL RIGHTS

9

49. Any reasonable law enforcement officer or jailor knew or should have known of these rights at the time that the complained of conduct occurred because such rights were clearly established at the time.

50. DEFENDANTS' actions were objectively unreasonable in light of the facts and circumstances confronting them at the time of the complained of conduct.

51. DEFENDANTS' actions were reckless, callous, and undertaken with deliberate indifference to PLAINTIFF's constitutional rights. The conduct by DEFENDANTS were so unreasonable and malicious such that the conduct shocks the conscience.

52. By forcing PLAINTIFF to enter the cell assigned to another person(s) on a different unit or module for the purpose of compelling PLAINTIFF to engage in life-threatening combat, COUNTY representatives acted intentionally and deliberately with a purpose to harm PLAINTIFF and endanger his life, in willful disregard for his civil rights under the Constitution and laws of the United States and the State of California.

53. By forcing PLAINTIFF to enter the cell assigned to another person(s) on a different unit or module for the purpose of compelling PLAINTIFF to engage in life-threatening combat, DEFENDANTS knowingly subjected PLAINTIFF to unreasonable force for an illegitimate reason.

54. As a direct and proximate result of DEFENDANTS' actions, PLAINTIFF was subjected to extreme violence and sustained serious injuries and damages.

55. DEFENDANTS acted intentionally and deliberately when each of them engaged in conduct that caused excessive force and unreasonable infringement on PLAINTIFF'S bodily integrity. As to those DEFENDANTS that ratified or authorized the conduct of the remaining DEFENDANTS, those DEFENDANTS acted negligently with respect to their

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; NEGLIGENCE; NEGLIGENCE RES IPSA LOQUITUR; BATTERY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; INTERFERENCE WITH CONSTITUTIONAL RIGHTS

10

duty to prevent harms to foreseeable plaintiffs such as Andre McClelland, where such harms could be prevented through the exercise of reasonable care.

56. As a result of the aforementioned conduct of DEFENDANTS, PLAINTIFF has sustained damages in an amount subject to proof at trial.

57. Plaintiff is informed and believes that DOES 1 through 100, inclusive, acted knowingly and willfully, with malice and oppression and with the intent to harm Plaintiff. Therefore, Plaintiff is entitled to an award of punitive damages against the individual defendants, and not any public entity, for the purpose of punishing DOES 1 through 100 to deter them and others from such conduct in the future.

## SECOND CAUSE OF ACTION – NEGLIGENCE
### By Plaintiff ANDRE MCCLELLAND
### Against ALL DEFENDANTS:

58. PLAINTIFF realleges, and incorporates herein as if set forth in full, paragraphs 1 through 57, above.

59. When COUNTY took custody of PLAINTIFF, it created a special relationship requiring COUNTY and its agents, employees, and representatives to warn and protect PLAINTIFF from all known and foreseeable harm. *Girardo v. California Dept. of Corrections and Rehabilitation, 168 Cal.App. 4th 231, 251 (2008).*

60. COUNTY knew that violence is frequent between inmates in Men's Central Jail, and that inmates require ongoing supervision in order for COUNTY to prevent such violence.

61. Defendants knew that the risk that Plaintiff would sustain harm upon being placed in the cell of other inmates on another cell block was almost certain, and thus was certainly foreseeable.

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; NEGLIGENCE; NEGLIGENCE RES IPSA LOQUITUR; BATTERY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; INTERFERENCE WITH CONSTITUTIONAL RIGHTS

11

62. On information and belief, COUNTY knew that the inmates placed in the cell to which Mr. McClelland was ordered to enter would commit violence against Mr. McClelland.

63. As a public entity that is responsible for the care and custody of inmates in its jurisdiction, COUNTY was required to establish and observe protocol and procedures sufficient to prevent an inmate from leaving his assigned cell and module without proper authorization.

64. As a public entity that is responsible for the care and custody of inmates in its jurisdiction, COUNTY was required to establish and observe protocol and procedures sufficient to prevent an inmate from entering a module, tier, or unit to which he is not formally assigned for housing.

65. As a public entity that is responsible for the care and custody of inmates in its jurisdiction, COUNTY was required to establish and observe protocol and procedures sufficient to prevent an inmate from entering a cell to which he is not formally assigned for housing.

66. As a public entity that is responsible for the care and custody of inmates in its jurisdiction, COUNTY was required to establish and observe protocol and procedures sufficient to prevent COUNTY representatives from forcing inmates under its supervision to participate in bloodsport.

67. COUNTY breached its duty of care when its representatives, DOE Defendant deputies, ordered PLAINTIFF to exit his cell and module or unit without proper authorization.

68. COUNTY breached its duty of care when its representatives, DOE Defendant deputies, ordered PLAINTIFF to enter another module or unit and cell without proper authorization.

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; NEGLIGENCE; NEGLIGENCE RES IPSA LOQUITUR; BATTERY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; INTERFERENCE WITH CONSTITUTIONAL RIGHTS

12

69. COUNTY breached its duty of care when its representatives, DOE Defendant deputies, forced PLAINTIFF to defend his life from a violent attack in a cell in which he was not authorized to enter.

70. By engaging in the aforementioned conduct, COUNTY acted with deliberate indifference to the foreseeable risk that Mr. McClelland could suffer grievous injury up to, and including, death, as a result of being assaulted by multiple armed inmates in an enclosed cell.

71. COUNTY'S action was the proximate cause of PLAINTIFF'S injuries because the harms and damages suffered by Mr. McClelland were the foreseeable result of the aforementioned conduct of COUNTY and its agents, employees, or representatives.

72. COUNTY'S action was the proximate cause of PLAINTIFF'S injuries because the harms and damages suffered by Mr. McClelland were the foreseeable result of the aforementioned conduct of COUNTY and its agents, employees, or representatives.

73. COUNTY's conduct is the actual cause of PLAINTIFF's injuries because Mr. McClelland would not have suffered the harms and damages sustained in this matter but for COUNTY's negligence.

74. As a result of COUNTY's conduct, PLAINTIFF has suffered damages including but not stab wounds; abrasions; contusions; anxiety; stress; fear for his health and well-being; and the physical manifestations of the stress and anxiety produced by the aforementioned conduct by DEFENDANTS.

//
//
//

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; NEGLIGENCE; NEGLIGENCE RES IPSA LOQUITUR; BATTERY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; INTERFERENCE WITH CONSTITUTIONAL RIGHTS

13

## THIRD CAUSE OF ACTION – NEGLIGENCE RES IPSA LOQUITUR

### By Plaintiff ANDRE MCCLELLAND

### Against COUNTY and DOES 1 THROUGH 100, inclusive.

75. PLAINTIFF reincorporates, and realleges as if set forth fully herein, paragraphs 1 through 74, above.

76. COUNTY had a special duty to exercise the care of a reasonable entity that is responsible for housing inmates entrusted to its custody.

77. Plaintiff Andre McClelland did not have control over the devices, control booths, panels that command doors to open in Men's Central Jail.

78. PLAINTIFF was not assigned to the module or unit in which he was ordered to enter and thereby forced to engage in combat.

79. PLAINTIFF was not assigned to the cell in which he was ordered to enter and thereby forced to engage in combat.

80. Because PLAINTIFF had no control to access door commands, and those with control and knowledge of how Mr. McClelland was physically taken to another module or unit are agents, representatives, or employees of DEFENDANT COUNTY, the conduct of COUNTY and DOES 1 through 100 is presumed to be negligent because:

    a. Plaintiff was in the exclusive care and control of COUNTY.

    b. The individuals that participated in the attack against Mr. McClelland were also inmates, and thus also in the exclusive care and custody of COUNTY'

    c. Only COUNTY representatives had control of the commands to allow PLAINTIFF to physically enter another module or unit;

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; NEGLIGENCE; NEGLIGENCE RES IPSA LOQUITUR; BATTERY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; INTERFERENCE WITH CONSTITUTIONAL RIGHTS

14

81. COUNTY's negligence directly and proximately caused PLAINTIFF to suffer damages including but not limited to physical wounds, mental shock, anguish, fear, anxiety, and emotional distress.

82. PLAINTIFF would not have suffered the aforementioned harms but for DEFENDANT COUNTY's conduct that caused him to be placed in another cell, on another module or unit.

83. As a result of DEFENDANTS' breach of its duty of care, PLAINTIFF is entitled to recover damages for his injuries in an amount according to proof.

### THIRD CAUSE OF ACTION – BATTERY
### By Plaintiff ANDRE MCCLELLAND
### Against ALL DEFENDANTS

84. PLAINTIFF reincorporates, and realleges as if set forth fully herein, paragraphs 1 through 83, above.

85. By ordering PLAINTIFF to enter a cell to which he was not assigned, on a module or unit to which he was not assigned, COUNTY representatives acted in a manner that was substantially certain to, and did, result in harmful and offensive touching against PLAINTIFF.

86. On information and belief, COUNTY representatives knew that the inmates who were placed or housed in the cell into which they ordered PLAINTIFF to enter planned to physically attack PLAINTIFF when he entered the cell.

87. On information and belief, COUNTY representatives knew that violence was taking place and did not intervene.

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; NEGLIGENCE; NEGLIGENCE RES IPSA LOQUITUR; BATTERY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; INTERFERENCE WITH CONSTITUTIONAL RIGHTS

15

88. The intentional conduct of COUNTY's representatives caused Mr. McClelland to suffer physical, mental, and emotional harm subject to proof.

89. COUNTY's agents, employees, and representatives are employed in a capacity in which they exercise complete dominion and control over inmates on the modules or units to which they are assigned to work and are substantially likely to use varying degrees of force against inmates in COUNTY's custody. As such, COUNTY is liable for the intentional torts of these individuals that are done during the course and scope of their duties as agents, employees, or representatives of DEFENDANT COUNTY because such intentional torts are a foreseeable result of the employment.

**FOURTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**By Plaintiff ANDRE MCCLELLAND**

**Against ALL DEFENDANTS**

90. PLAINTIFF realleges, and incorporates herein as if set forth in full, paragraphs 1 through 89, above.

91. During the times relevant herein, COUNTY and DOES 1 through 100, inclusive, and each of them, engaged in extreme, outrageous, unlawful, and unprivileged conduct, including, but not limited to:

   a. Extracting PLAINTIFF from his cell on the false pretenses, to wit, that another inmate wished to offer food to PLAINTIFF;

   b. Placing PLAINTIFF and two other inmates into a cell in which none of them were assigned;

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; NEGLIGENCE; NEGLIGENCE RES IPSA LOQUITUR; BATTERY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; INTERFERENCE WITH CONSTITUTIONAL RIGHTS

16

     c. Watching from the control booth as inmates engaged in violent, life-threatening combat;

     d. Failing to obtain medical treatment for PLAINTIFF after subjecting him to serious and potentially life-threatening injuries;

     e. Threatening PLAINTIFF with retaliation if he informed authorities about this incident or sought legal recourse.

     f. Colluding to suppress evidence of the aforementioned conduct.

92. DEFENDANTS engaged in all conduct described in this complaint with express and implied knowledge that PLAINTIFF was particularly susceptible to emotional distress because he was incarcerated and subject to the complete control of DEFENDANTS.

93. DEFENDANTS and DOES 1 through 100, inclusive, participated in, conspired with, approved of and/or aided and abetted the conduct of remaining DEFENDANTS.

94. PLAINTIFF is informed and believes that COUNTY, SHERIFF DEFENDANTS and DOES 1 through 100, and each of them, intended to cause harm to PLAINTIFF, or acted with a reckless disregard for the likelihood that he would suffer extreme emotional distress as a result of the conduct listed above.

95. Because the individual DEFENDANTS are employed in a capacity in which it is highly foreseeable that the individual DEFENDANTS would be required to interact persons are particularly susceptible to emotional distress, COUNTY is vicariously responsible for the intentional torts of SHERIFF DEFENDANTS that acted as agents or employees of COUNTY at the times relevant to the instant action.

96. As the direct and proximate result of the extreme and outrageous conduct of LADA DEFENDANTS, and DOES 1 through 100, inclusive, PLAINTIFF suffered extreme

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; NEGLIGENCE; NEGLIGENCE RES IPSA LOQUITUR; BATTERY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; INTERFERENCE WITH CONSTITUTIONAL RIGHTS

17

emotional and physical distress, including, but not limited to devastation, humiliation, depression, anxiety, mortification, terror, shock, worry, and indignity to an extent and in an amount subject to proof at trial.

97. Plaintiff is informed and believes that DEFENDANTS and DOES 1 through 100, inclusive, acted knowingly and willfully, with malice and oppression and with the intent to harm Plaintiff. Therefore, Plaintiff is entitled to an award of punitive damages against the individual defendants, not any public entity, in order to punish those defendants and to deter them and others from such conduct in the future.

## FIFTH CAUSE OF ACTION– VIOLATION CIVIL CODE SECTION 52.1(B)
## INTERFERENCE WITH CONSTITUTIONAL RIGHTS
### By Plaintiff ANDRE MCCLELLAND
### Against ALL DEFENDANTS

98. Plaintiff hereby repeats, re-alleges and incorporates the allegations contained in all paragraphs above as thought fully set forth herein.

99. The Plaintiff has, and at all times referenced in this Complaint has had, a right, secured by the Constitution and laws of the United States and the Constitution and laws of the State of California, to be safe and secure in the unmolested integrity of body.

100. The Plaintiff has, and at all times referenced in this Complaint has had, a right, secured by the Constitution and laws of the United States and the Constitution and laws of the State of California, against the application of cruel and unusual punishment.

101. DEFENDANTS have, by way of physical force, threats, intimidation, or coercion as set forth herein interfered with or attempted to interfere with the Plaintiff's right to be safe and secure in the unmolested integrity of body through the conduct described herein.

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; NEGLIGENCE; NEGLIGENCE RES IPSA LOQUITUR; BATTERY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; INTERFERENCE WITH CONSTITUTIONAL RIGHTS

18

102. DEFENDANTS have, by way of physical force, threats, intimidation, or coercion as set forth herein interfered with or attempted to interfere with the Plaintiff's right against the application of cruel and unusual punishment against his person through the conduct described herein.

103. DEFENDANTS have engaged in a pattern of conduct that is reflective of a policy or procedure of DEFENDANTS to engage in conduct such as that described herein, and to evade detection and reprimand for such conduct, and to promulgate a culture in Los Angeles County jails where inmates' constitutional rights are violated with deliberate indifference and impunity.

104. As a result of the above-described conduct, Plaintiff has suffered, and continues to suffer, great pain or mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from obtaining the full enjoyment of life; and will incur medical expenses for physical injuries and, additionally, for psychological treatment, therapy, and counseling.

105. The conduct of the DEPUTY DEFENDANTS applies to the County of Los Angeles through vicarious liability.

//
//
//
//
//
//
//

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; NEGLIGENCE; NEGLIGENCE RES IPSA LOQUITUR; BATTERY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; INTERFERENCE WITH CONSTITUTIONAL RIGHTS

19

## PRAYER

WHEREFORE, Plaintiffs prays for judgment against Defendants, as to all causes of action as follows:

1. Plaintiffs demand a jury trial as to the issues triable;

2. General damages and special damages according to proof;

3. Punitive damages against the individual defendants, and not any public entity;

4. Attorney fees pursuant to California Government Code section 8547, et. seq.; 52.1, and any other appropriate statute;

5. Injunctive relief, both preliminary and permanent, as allowed by law;

6. Costs of suit incurred herein; and

7. Such further relief as the Court deems just and proper.

Dated: August 1, 2019

Respectfully submitted,

JOVAN BLACKNELL
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; NEGLIGENCE; NEGLIGENCE RES IPSA LOQUITUR; BATTERY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; INTERFERENCE WITH CONSTITUTIONAL RIGHTS

20