1

**Law Office of J. Blacknell**
**JOVAN BLACKNELL (SBN 237162)**
200 Corporate Pointe, Suite 495
Culver City, CA 90230
T.: 310.469.9117; F.: 310.388.3765

Attorney for Plaintiff,
**ANDRE MCCLELLAND**

### IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE MCCLELLAND,<br><br>        **Plaintiff**,<br>  vs.<br><br>LOS ANGELES COUNTY; DEPUTY MEDINA, individually and in his official capacity; DEPUTY ROE, individually and in his official capacity; DEPUTY CERVANTES, individually and in his official capacity; DEPUTY JUAREZ, individually and in his official capacity; OSJ ENFORCEMENT DEPUTY GORMAN, individually and in his official capacity; DOES 1 through 100, inclusive,<br><br>        **Defendants.** | **FIRST AMENDED COMPLAINT**<br><br>**Case No.: 2:19-cv-06755**<br><br>(1) Violation of Civil Rights (42 U.S.C. §1983)(*4th, 8th, and 14th Amendments – Excessive Force*)<br>(2) Violation of Civil Rights (42 U.S.C. §1983)(*5th, 8th and 14th Amendments – Cruel and Unusual Punishment*)<br>(3) Violation of Civil Rights (42 U.S.C. §1983)(*4th, 8th, and 14th Amendment – Right to Intervention Against Unlawful Violence*)<br>(4) Negligence<br>(5) Negligence Res Ipsa Loquitur<br>(6) Battery<br>(7) Intentional Infliction of Emotional Distress<br>(8) Interference with Constitutional Rights (*Bane Act: California Civil Code §52.1*)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ANDRE MCCLELLAND alleges on information and belief as follows:

**PARTIES**

1. At all relevant times mentioned in this Complaint, Plaintiff ANDRE MCCLELLAND (hereinafter "Mr. McClelland" or "PLAINTIFF") was a resident of Los Angeles County, California.

2. At all times relevant herein, Plaintiff was an incarcerated inmate in the custody of DEFENDANT LOS ANGELES COUNTY at the Men's Central Jail facility in Los Angeles, California.

3. DEFENDANT LOS ANGELES COUNTY (hereinafter, "COUNTY") was at all times relevant herein, and is, a public entity duly organized and existing under and by virtue of the laws of the State of California.

4. COUNTY is responsible for the care and custody of inmates incarcerated in COUNTY jail facilities.

5. DEFENDANT COUNTY is responsible for the funding, staffing, and direction of Los Angeles Sheriff's Department (hereinafter also "LASD"); for the hiring, retention, training, and supervision of LASD employees; and for the observation of rights of LASD employees and persons subject to LASD jurisdiction.

6. At all times applicable herein, DEPUTY MEDINA (hereinafter "DEFENDANT DEPUTY MEDINA" or "MEDINA") was an individual residing, on information and belief, in the County of Los Angeles, and was an agent, employee, or representative of COUNTY. DEFENDANT DEPUTY MEDINA is sued herein both in his individual capacity and in his official capacity as an agent of COUNTY.

7.  At all times applicable herein, DEPUTY ROE (hereinafter "DEFENDANT DEPUTY ROE" or "ROE") was an individual residing, on information and belief, in the County of Los Angeles, and was an agent, employee, or representative of COUNTY. DEFENDANT DEPUTY ROE is sued herein both in his individual capacity and in his official capacity as an agent of COUNTY.

8.  At all times applicable herein, DEPUTY CERVANTES (hereinafter "DEFENDANT DEPUTY CERVANTES" or "CERVANTES") was an individual residing, on information and belief, in the County of Los Angeles, and was an agent, employee, or representative of COUNTY. DEFENDANT DEPUTY CERVANTES is sued herein both in his individual capacity and in his official capacity as an agent of COUNTY.

9.  At all times applicable herein, DEPUTY JUAREZ (hereinafter "DEFENDANT DEPUTY JUAREZ" or "JUAREZ") was an individual residing, on information and belief, in the County of Los Angeles, and was an agent, employee, or representative of COUNTY. DEFENDANT DEPUTY JUAREZ is sued herein both in his individual capacity and in his official capacity as an agent of COUNTY.

10. At all times applicable herein, OPERATIONS SAFE JAILS ENFORCEMENT DEPUTY GORMAN (hereinafter "DEFENDANT OSJ GORMAN" or "GORMAN") was an individual residing, on information and belief, in the County of Los Angeles, and was an agent, employee, or representative of COUNTY. DEFENDANT OSJ GORMAN is sued herein both in his individual capacity and in his official capacity as an agent of COUNTY.

11. Hereinafter, all individual Defendants, including those presently named as DOE defendants, shall be collectively referred to as "LASD DEFENDANTS."

12. PLAINTIFF is ignorant of the true names and capacities of those Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues them by such fictitious names. PLAINTIFF will amend this Complaint to show the true names and capacities of said DOE Defendants when the same are ascertained. PLAINTIFF is informed and believes, and thereon alleges, that each of the fictitiously named Defendants was in some manner liable and legally responsible, in that their conduct caused the damages and injuries set forth herein.

13. PLAINTIFF is informed and believes and, based upon such information and belief, alleges that each of the above-named parties was and is an agent, employee, principal, or employer of each of the remaining defendants and vice/versa. In addition, PLAINTIFF is informed and believes and on such basis allege that the defendants named hereinabove, and each of them, are responsible in some manner for the occurrences herein alleged, and that each of the above-named defendants conspired with, and/or aided and/or abetted each of the remaining defendants in committing the acts herein alleged.

## **JURISDICTION AND VENUE**

14. PLAINTIFF ANDRE MCCLELLAND brings the instant action pursuant to 42 U.S.C. §1983 to redress conduct by DEFENDANTS, who, at all times relevant herein , acted under color of law, and through said conduct deprived PLAINTIFF of his constitutional rights under the Fourth, Fifth, Eighth, and 14th Amendments, as well as under federal and state law.

15. This court has subject matter jurisdiction over the instant action pursuant 28 U.S.C. §1343(a)(3) and (a)(4) because PLAINTIFF's claims present questions arising under the laws, treatises, and Constitution of the United States, such that these questions can only

be decided by a competent federal court. This court has supplemental jurisdiction

pursuant to 28 U.S.C. section 1367 over those claims that do not arise under the laws,

treaties, and Constitution of the United States because those claims arise from the same

occurrence that gave rise to the governing federal questions.

16. This court has personal jurisdiction over all DEFENDANTS because COUNTY is a

public entity existing and operating solely in the Central District of California, and the

remaining DEFENDANTS are agents or employees of COUNTY.

17. This court has personal jurisdiction over LASD DEFENDANTS, and each of them,

because, on information and belief, LASD DEFENDANTS are each domiciled in the

Central District of California.

18. On December 21, 2018, Plaintiff filed a notice of government claim with DEFENDANT

COUNTY OF LOS ANGELES pursuant to the California Tort Claims Act. *Cal. Gov.

Code. Section §910-945.6.*

19. On February 4, 2019, Plaintiff's claim for damages was denied by operation of law as a

result of DEFENDANT'S failure to respond to the claim within 45 days of service. *Cal.

Gov. Code §912.4.*

20. Plaintiff filed the instant complaint within six (6) months of COUNTY's denial of his

properly noticed claim, as required under California Tort Claims Act. *See Cal. Gov. Code

section 945.4; 945.6.*

### VENUE

21. Venue is proper as to COUNTY because the court is located within Los Angeles County,

COUNTY's jurisdiction aligns with that of the court, and all of COUNTY's activities

take place in Los Angeles County.

22. Venue is proper as to all individual DEFENDANTS because, on information and belief, all individual DEFENDANTS reside in the Los Angeles County; the individual DEFENDANTS were the knowing agents or representatives of COUNTY; the events at issue occurred in Los Angeles County; and PLAINTIFF is a resident of Los Angeles County.

23. PLAINTIFF alleges on information and belief that DOES 1 through 100, inclusive, are also residents of the Central District of California and that the Court has jurisdiction over those defendants, rendering venue proper as to those parties as well.

24. The Central District of California is also the proper venue for this action pursuant to 28 U.S.C. §1391 because all acts giving rise to this action occurred in the Central District of California.

## COMMON ALLEGATIONS

25. PLAINTIFF was arrested and taken into the custody of DEFENDANT COUNTY on August 24, 2017.

26.  On August 28th or 29th, 2018, PLAINTIFF remained in the custody of DEFENDANT COUNTY at Men's Central Jail in Los Angeles, California.

27. Agents, employees, and/or representatives of DEFENDANT COUNTY exercise exclusive dominion and control over Los Angeles County jail facilities, including Men's Central Jail.

28. Agents, employees, and/or representatives of DEFENDANT COUNTY, exclusively, control access to each area, part, module, section, cell, room, office, pod, and/or tier in Men's Central Jail.

29. On August 28th or 29th, 2018, between the hours of approximately 2:00 p.m. and 7:00 p.m., PLAINTIFF was ordered to exit his cell by COUNTY representatives assigned to work on PLAINTIFF'S module.

30. On information and belief, COUNTY representatives that were assigned to work on Plaintiff's module or that were otherwise present during the events alleged herein include but are not limited to DEFENDANT DEPUTY MEDINA, DEFENDANT DEPUTY ROE, DEFENDANT DEPUTY CERVANTES, DEFENDANT DEPUTY JUAREZ, DEFENDANT OPERATION SAFE JAILS ENFORCEMENT SERGEANT GORMAN, and DOES 1 through 100.

31. The deputies lured PLAINTIFF out of his cell by telling PLAINTIFF that the reason he was exiting was because another inmate asked the deputies to inform PLAINTIFF that the other inmate had food that he wished to share with PLAINTIFF.

32. At the time that PLAINTIFF was ordered to exit a cell, no other inmates were ordered to exit their cell.

33. After PLAINTIFF was ordered to exit his cell, he was directed by LASD deputies to exit his assigned module and enter another module.

34. DOE Defendant deputies opened the door for PLAINTIFF to exit his module and enter another module.

35. When PLAINTIFF reached the other module, he was ordered to enter a specific cell on that module. The cell was completely dark: DOE Defendant deputies ordered the lights turned off in that module.

36. When PLAINTIFF entered the cell specified by DOE Defendant deputies, two men, who were already placed in that cell, attacked him. The men were armed with rudimentary knives, and attacked Plaintiff by stabbing, punching, and kicking him.

37. On information and belief, Plaintiff was forced to fight for his life in that cell for approximately three minutes, during which time he sustained grievous injuries to his torso, arms, legs, and face.

38. On information and belief, the individuals that attacked Mr. McClelland were rewarded by DOE Defendant deputies with food and/or privileges.

39. On information and belief, DEFENDANTS conspired to lure PLAINTIFF into that cell to suffer violence up to and including death as retaliatory punishment for PLAINTIFF'S refusal to participate or acquiesce to previous unconstitutional actions by DEFENDANTS.

40. After being returned to his assigned module and cell by DOE Defendant deputies, Plaintiff was threatened with further reprisals if he informed authorities about the aforementioned attack.

41. Despite his apparent need for medical treatment, as evidenced by his plainly visible contusions on his face and blood on his jail jumpsuit from the stab wounds he sustained, Plaintiff was denied medical treatment. Plaintiff was forced to treat his wounds to the best of his ability through rudimentary methods utilizing materials immediately available to Plaintiff in his cell.

42. Plaintiff was denied access to any and all administrative procedures that are ordinarily available for an inmate to petition for redress of harms.

//

## FIRST CAUSE OF ACTION – VIOLATION OF 42 U.S.C. § 1983: FOURTH, EIGHTH, AND FOURTEENTH AMENDMENT (EXCESSIVE FORCE)

### By Plaintiff ANDRE MCCLELLAND

### Against ALL DEFENDANTS, inclusive.

43. PLAINTIFF realleges, and incorporates herein as if set forth in full, paragraphs 1 through 42, above.

44. At all times relevant herein, COUNTY representatives, including DOE Defendants 1 through 100, acted under color of law.

45. At all times relevant herein, PLAINTIFF had, and has, a right, secured by the Fourth and Eighth Amendments to the Constitution of the United States, made applicable to the State of California through the Fourteenth Amendment, to freedom from official misconduct and excessive and gratuitous force applied with a purpose to harm and punish that is unrelated to any legitimate law enforcement objectives.

46. By forcing PLAINTIFF to enter the cell assigned to another person(s) on a different unit or module for the purpose of compelling PLAINTIFF to engage in life-threatening combat, COUNTY representatives acted intentionally with a purpose to harm PLAINTIFF and endanger his life, with deliberate indifference and willful disregard for his civil rights under the Constitution and laws of the United States and the State of California.

47. LASD DEFENDANTS knowingly and intentionally employed, or used as agents of their unlawful objectives, other inmates that were subject to under the complete dominion and control of COUNTY while incarcerated at Los Angeles County Men's Central Jail to execute the unlawful and excessive violent force against Plaintiff.

48. DEFENDANTS acted intentionally and deliberately when each of them conspired, planned, and deliberately caused PLAINTIFF to be placed in a cell with two other armed inmates and forced to fight for his life while LASD DEFENDANTS watched, cheered, and laughed.

49. The conduct of DEFENDANTS was so brazen, and all DEFENDANTS were so familiar and comfortable with the actions that, on information and belief, the wrongful acts were undertaken pursuant to an established custom of DEFENDANT LOS ANGELES COUNTY.

50. DEFENDANTS acted with impunity and without fear of punishment or reprimand from supervisors or any other authority. Indeed, on information and belief, at least one DEFENDANT, DEFENDANT OSJ GORMAN, was employed in a supervisory capacity as a Sergeant during the times in question. Plaintiff further alleges on information and belief that the entire chain of command in the Sheriff's Department, up to and including the Los Angeles County Sheriff, are aware of this practice or custom and knowingly approve, facilitate, and/or participate in said custom or practice.

51. On information and belief, the forced combat to which PLAINTIFF was subjected is a routine component of the custom within the COUNTY, specifically in the Sheriff's Department, under which countless other inmates have been, and continue to be, compelled to participate in the same type of forced combat and subjected to similar threats, intimidation, and abuse to which PLAINTIFF was subjected in violation of his civil rights.

52. DEFENDANTS threatened PLAINTIFF with further violence and prevented PLAINTIFF from filing a grievance or seeking redress for the harms he suffered through any other

administrative procedures. PLAINTIFF was threatened with further unconstitutional abuse, violence, and mistreatment if he attempted to take legal action for the harms he suffered.

53. As a direct and proximate result of DEFENDANTS' actions pursuant to its established practice, policy, or custom, PLAINTIFF was subjected to extreme violence, and sustained serious injuries and damages.

54. As a result of the aforementioned conduct of DEFENDANTS, PLAINTIFF has sustained damages in an amount subject to proof at trial.

55. Plaintiff is informed and believes that LASD DEFENDANTS and DOES 1 through 100 acted knowingly and willfully, with malice and oppression and with the intent to harm PLAINTIFF. Therefore, PLAINTIFF is entitled to an award of punitive damages against the individual defendants, and not any public entity, for the purpose of punishing DOES 1 through 100 to deter them and others from such conduct in the future.

## SECOND CAUSE OF ACTION – VIOLATION OF 42 U.S.C. § 1983: FIFTH, EIGHTH AND FOURTEENTH AMENDMENT (CRUEL AND UNUSUAL PUNISHMENT)
### By Plaintiff ANDRE MCCLELLAND
### Against COUNTY and DOE DEFENDANTS 1 through 100, inclusive.

56. PLAINTIFF realleges, and incorporates herein as if set forth in full, paragraphs 1 through 55, above.

57. At all times relevant herein, PLAINTIFF had, and has, a right, secured by the Eighth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, to be free from cruel and unusual punishment involving the

wanton infliction of pain that is unrelated to any legitimate penological objective and administered without due process of law.

58. By forcing PLAINTIFF to enter the cell assigned to another person(s) on a different unit or module for the purpose of compelling PLAINTIFF to engage in life-threatening combat, COUNTY representatives acted intentionally with a purpose to harm PLAINTIFF and endanger his life, and did in fact endanger his life, with deliberate indifference and willful disregard for his civil rights under the Constitution and laws of the United States and the State of California.

59. DEFENDANTS and DOES 1 through 100, inclusive, participated in, conspired with, approved of and/or aided and abetted the conduct of remaining DEFENDANTS.

60. The conduct of DEFENDANTS was so brazen, and all DEFENDANTS were so familiar and comfortable with the actions that, on information and belief, the wrongful acts were undertaken pursuant to an established custom of DEFENDANT LOS ANGELES COUNTY.

61. DEFENDANTS acted with impunity and without fear of punishment or reprimand from supervisors or any other authority. Indeed, on information and belief, at least one DEFENDANT, DEFENDANT OSJ GORMAN, was employed in a supervisory capacity as a Sergeant during the times in question. Plaintiff further alleges on information and belief that the entire chain of command in the Sheriff's Department, up to and including the Los Angeles County Sheriff, are aware of this practice or custom and knowingly approve, facilitate, and/or participate in said custom or practice.

62. On information and belief, the forced combat to which PLAINTIFF was subjected is a routine component of the custom within the COUNTY, specifically in the Sheriff's

Department, under which countless other inmates have been, and continue to be, compelled to participate in the same type of forced combat and subjected to similar threats, intimidation, and abuse to which PLAINTIFF was subjected in violation of his civil rights.

63. As a result of DEFENDANTS' conduct pursuant to its established custom or practice of subjecting inmates to such violence, Plaintiff sustained significant and severe physical, mental, and emotional damages.

64. Plaintiff is informed and believes that LASD DEFENDANTS and DOES 1 through 100, inclusive, acted knowingly and willfully, with malice and oppression and with the intent to harm Plaintiff. Therefore, Plaintiff is entitled to an award of punitive damages against the individual defendants, not any public entity, in order to punish those defendants and to deter them and others from such conduct in the future.

**THIRD CAUSE OF ACTION – VIOLATION OF 42 U.S.C. § 1983: FOURTH, EIGHTH, AND FOURTEENTH AMENDMENT**

**By Plaintiff ANDRE MCCLELLAND**

**Against COUNTY and DOE DEFENDANTS 1 through 100, inclusive.**

65. PLAINTIFF realleges, and incorporates herein as if set forth in full, paragraphs 1 through 64, above.

66. At all times relevant herein, PLAINTIFF had, and has, a right, secured by the Fourth and Eighth Amendments to the United States Constitution, made applicable to the states through the Fourteenth Amendment, to intervention from law enforcement where officers are aware of and have the opportunity to intervene and prevent the application of

unlawful violence and violation of Plaintiff's constitutional rights. *Cunningham v. Gates, 229 F.3d 1271, 1289-1290 (9th. Cir. 2000).*

67. DEFENDANTS failed to intervene in the application of unlawful violence against PLAINTIFF although LASD DEFENDANTS knew and watched the violence occur.

68. At all times relevant herein, on information and belief, each and every Defendant had the means and opportunity to intervene and prevent or stop the unlawful violence against Plaintiff but made the conscious decision to stand by and laugh and cheer while Plaintiff suffered.

69. The conduct of DEFENDANTS was so brazen, and all DEFENDANTS were so familiar and comfortable with the actions that, on information and belief, the wrongful acts were undertaken pursuant to an established custom of DEFENDANT LOS ANGELES COUNTY.

70. DEFENDANTS acted with impunity and without fear of punishment or reprimand from supervisors or any other authority. Indeed, on information and belief, at least one DEFENDANT, DEFENDANT OSJ GORMAN, was employed in a supervisory capacity as a Sergeant during the times in question. Plaintiff further alleges on information and belief that the entire chain of command in the Sheriff's Department, up to and including the Los Angeles County Sheriff, are aware of this practice or custom and knowingly approve, facilitate, and/or participate in said custom or practice.

71. On information and belief, the forced combat to which PLAINTIFF was subjected is a routine component of the custom within the COUNTY, specifically in the Sheriff's Department, under which countless other inmates have been, and continue to be, compelled to participate in the same type of forced combat and subjected to similar

threats, intimidation, and abuse to which PLAINTIFF was subjected in violation of his civil rights.

72. Plaintiff is informed and believes that LASD DEFENDANTS and DOES 1 through 100 acted knowingly and willfully, with malice and oppression and with the intent to harm PLAINTIFF. Therefore, PLAINTIFF is entitled to an award of punitive damages against the individual defendants, and not any public entity, for the purpose of punishing DOES 1 through 100 to deter them and others from such conduct in the future.

**FOURTH CAUSE OF ACTION – NEGLIGENCE**

**By Plaintiff ANDRE MCCLELLAND**

**Against LASD DEFENDANTS:**

73. PLAINTIFF realleges, and incorporates herein as if set forth in full, paragraphs 1 through 72, above.

74. When COUNTY took custody of PLAINTIFF, it created a special relationship requiring COUNTY's agents, employees, and representatives to warn and protect PLAINTIFF from all known and foreseeable harm. *Girardo v. California Dept. of Corrections and Rehabilitation, 168 Cal.App. 4th 231, 251 (2008).*

75. DEFENDANTS knew that violence is frequent between inmates in Men's Central Jail, and that inmates require ongoing supervision in order for DEFENDANTS to prevent such violence.

76. DEFENDANTS knew that the risk that Plaintiff would sustain harm upon being placed in the cell of other inmates on another cell block was almost certain, and thus was certainly foreseeable.

77. On information and belief, DEFENDANTS knew that the inmates placed in the cell to which Mr. McClelland was ordered to enter would commit violence against Mr. McClelland.

78. DEFENDANTS were required to establish and observe protocol and procedures sufficient to prevent an inmate from leaving his assigned cell and module without proper authorization.

79. DEFENDANTS were required to establish and observe protocol and procedures sufficient to prevent an inmate from entering a module, tier, or unit to which he is not formally assigned for housing.

80. DEFENDANTS were required to establish and observe protocol and procedures sufficient to prevent an inmate from entering a cell to which he is not formally assigned for housing.

81. DEFENDANTS were required to establish and observe protocol and procedures sufficient to prevent COUNTY representatives from forcing inmates under its supervision to participate in bloodsport.

82. DEFENDANTS breached the duty of care when DEFENDANTS ordered PLAINTIFF to exit his cell and module or unit without proper authorization.

83. DEFENDANTS breached its duty of care when DEFENDANTS ordered PLAINTIFF to enter another module or unit and cell without proper authorization.

84. DEFENDANTS breached its duty of care when DEFENDANTS forced PLAINTIFF to defend his life from a violent attack in a cell in which he was not authorized to enter.

85. By engaging in the aforementioned conduct, DEFENDANTS acted with deliberate indifference to the foreseeable risk that Mr. McClelland could suffer grievous injury up

to, and including, death, as a result of being assaulted by multiple armed inmates in an enclosed cell.

86. DEFENDANTS' actions were the proximate cause of PLAINTIFF'S injuries because the harms and damages suffered by Mr. McClelland were the foreseeable result of the aforementioned conduct of DEFENDANTS.

87. DEFENDANTS' action was the proximate cause of PLAINTIFF'S injuries because the harms and damages suffered by Mr. McClelland were the foreseeable result of the aforementioned conduct of DEFENDANTS.

88. DEFENDANTS' conduct is the actual cause of PLAINTIFF's injuries because Mr. McClelland would not have suffered the harms and damages sustained in this matter but for DEFENDANTS' negligence.

89. As a result of DEFENDANTS' conduct, PLAINTIFF has suffered damages including but not stab wounds; abrasions; contusions; anxiety; stress; fear for his health and well-being; and the physical manifestations of the stress and anxiety produced by the aforementioned conduct by DEFENDANTS.

**FIFTH CAUSE OF ACTION – NEGLIGENCE RES IPSA LOQUITUR**

**By Plaintiff ANDRE MCCLELLAND**

**Against LASD DEFENDANTS:**

90. PLAINTIFF reincorporates, and realleges as if set forth fully herein, paragraphs 1 through 89, above.

91. DEFENDANTS had a special duty to exercise the care of a reasonable entity that is responsible for housing inmates entrusted to its custody.

92. Plaintiff Andre McClelland did not have control over the devices, control booths, panels that command doors to open in Men's Central Jail.

93. PLAINTIFF was not assigned to the module or unit in which he was ordered to enter and thereby forced to engage in combat.

94. PLAINTIFF was not assigned to the cell in which he was ordered to enter and thereby forced to engage in combat.

95. Because PLAINTIFF had no control to access door commands; only DEFENDANTS had control of the facility; and only DEFENDANTS know how Mr. McClelland was physically taken to another module or unit in the jail and forced into combat, the conduct of DEFENDANTS is presumed to be negligent because:

    **a.** Plaintiff was in the exclusive care and control of DEFENDANTS.

    **b.** The individuals that participated in the attack against Mr. McClelland were also inmates, and thus also in the exclusive care and custody of DEFENDANTS.

    **c.** Only DEFENDANTS had control of the commands to allow PLAINTIFF to physically enter another module or unit.

96. DEFENDANTS' negligence directly and proximately caused PLAINTIFF to suffer damages including but not limited to physical wounds, mental shock, anguish, fear, anxiety, and emotional distress.

97. PLAINTIFF would not have suffered the aforementioned harms but for DEFENDANTS' conduct that caused him to be placed in another cell, on another module or unit.

98. As a result of DEFENDANTS' breach of its duty of care, PLAINTIFF is entitled to recover damages for his injuries in an amount according to proof.

//

PLAINTIFF'S FIRST AMENDED COMPLAINT

## **FIFTH CAUSE OF ACTION – BATTERY**

### **By Plaintiff ANDRE MCCLELLAND**

### **Against LASD DEFENDANTS:**

99. PLAINTIFF reincorporates, and realleges as if set forth fully herein, paragraphs 1 through 98, above.

100.       By ordering PLAINTIFF to enter a cell to which he was not assigned, on a module or unit to which he was not assigned, DEFENDANTS acted in a manner that was substantially certain to, and did, result in harmful and offensive touching against PLAINTIFF.

101.       On information and belief, COUNTY representatives knew that the inmates who were placed or housed in the cell into which they ordered PLAINTIFF to enter planned to physically attack PLAINTIFF when he entered the cell.

102.       DEFENDANTS knew that violence was taking place and purposely did not intervene.

103.       The intentional conduct of DEFENDANTAS caused Mr. McClelland to suffer physical, mental, and emotional harm subject to proof.

104.  COUNTY's agents, employees, and representatives are employed in a capacity in which they exercise complete dominion and control over inmates on the modules or units to which they are assigned to work and are substantially likely to use varying degrees of force against inmates in COUNTY's custody. As such, COUNTY is responsible for the intentional torts of these individuals that are done during the course and scope of their duties as agents, employees, or representatives of DEFENDANT COUNTY because such intentional torts are a foreseeable result of the employment.

## SIXTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### By Plaintiff ANDRE MCCLELLAND

### Against LASD DEFENDANTS:

105.      PLAINTIFF realleges, and incorporates herein as if set forth in full, paragraphs 1 through 104, above.

106.      During the times relevant herein, DEFENDANTS, and each of them, engaged in extreme, outrageous, unlawful, and unprivileged conduct, including, but not limited to:

    a.  Extracting PLAINTIFF from his cell on the false pretenses, to wit, that another inmate wished to offer food to PLAINTIFF;

    b.  Placing PLAINTIFF and two other inmates into a cell in which none of them were assigned;

    c.  Watching from the control booth as inmates engaged in violent, life-threatening combat;

    d.  Laughing, joking, and using the combat as entertainment.

    e.  Failing and refusing to obtain medical treatment for PLAINTIFF after subjecting him to serious and potentially life-threatening injuries;

    f.  Threatening PLAINTIFF with retaliation if he informed authorities about this incident or sought legal recourse.

    g.  Colluding to suppress evidence of the aforementioned conduct.

107.      DEFENDANTS and DOES 1 through 100 engaged in all conduct described in this complaint with express and implied knowledge that PLAINTIFF was

PLAINTIFF'S FIRST AMENDED COMPLAINT

particularly susceptible to emotional distress because he was incarcerated and subject to the complete control of DEFENDANTS.

108.　　　DEFENDANTS and DOES 1 through 100, inclusive, participated in, conspired with, approved of and/or aided and abetted the conduct of remaining DEFENDANTS.

109.　　　On information and belief, DEFENDANTS, and each of them, intended to cause harm to PLAINTIFF, or acted with a reckless disregard for the likelihood that he would suffer extreme emotional distress as a result of the conduct listed above.

110.　　　Because the individual DEFENDANTS are employed in a capacity in which it is highly foreseeable that the individual DEFENDANTS would be required to interact persons are particularly susceptible to emotional distress, COUNTY is responsible for the intentional torts of individual DEFENDANTS that acted as agents or employees of COUNTY at the times relevant to the instant action.

111.　　　As the direct and proximate result of the extreme and outrageous conduct of DEFENDANTS, and DOES 1 through 100, inclusive, PLAINTIFF suffered extreme emotional and physical distress, including, but not limited to devastation, humiliation, depression, anxiety, mortification, terror, shock, worry, and indignity to an extent and in an amount subject to proof at trial.

112.　　　Plaintiff is informed and believes that DEFENDANTS and DOES 1 through 100, inclusive, acted knowingly and willfully, with malice and oppression and with the intent to harm Plaintiff. Therefore, Plaintiff is entitled to an award of punitive damages against the individual defendants, not any public entity, in order to punish those defendants and to deter them and others from such conduct in the future.

## SEVENTH CAUSE OF ACTION– VIOLATION CIVIL CODE SECTION 52.1(B)

## INTERFERENCE WITH CONSTITUTIONAL RIGHTS

### By Plaintiff ANDRE MCCLELLAND

### Against LASD DEFENDANTS:

113.    Plaintiff hereby repeats, re-alleges and incorporates the allegations contained in all paragraphs above as thought fully set forth herein.

114.    The Plaintiff has, and at all times referenced in this Complaint has had, a right, secured by the Constitution and laws of the United States and the Constitution and laws of the State of California, to be safe and secure in the unmolested integrity of body.

115.    The Plaintiff has, and at all times referenced in this Complaint has had, a right, secured by the Constitution and laws of the United States and the Constitution and laws of the State of California, against the application of cruel and unusual punishment.

116.    DEFENDANTS have, by way of physical force, threats, intimidation, or coercion as set forth herein interfered with or attempted to interfere with the Plaintiff's right to be safe and secure in the unmolested integrity of body through the conduct described herein.

117.    DEFENDANTS have, by way of physical force, threats, intimidation, or coercion as set forth herein interfered with or attempted to interfere with Plaintiff's right against cruel and unusual punishment against his person through the conduct described herein.

118.    DEFENDANTS have engaged in a pattern of conduct that is reflective of a policy or procedure of DEFENDANTS to engage in conduct such as that described herein, and to evade detection and reprimand for such conduct, and to promulgate a culture in Los Angeles County jails where inmates' constitutional rights are violated with deliberate indifference and impunity.

119.     As a result of the above-described conduct, Plaintiff has suffered, and continues to suffer, great pain or mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from obtaining the full enjoyment of life; and will incur medical expenses for physical injuries and, additionally, for psychological treatment, therapy, and counseling.

## **PRAYER**

WHEREFORE, Plaintiffs prays for judgment against Defendants, as to all causes of action as follows:

1.  Plaintiffs demand a jury trial as to the issues triable;

2.  General damages and special damages according to proof;

3.  Punitive damages against the individual defendants, and not any public entity;

4.  Attorney fees pursuant to California Government Code section 8547, et. seq.; 52.1, and any other appropriate statute;

5.  Injunctive relief, both preliminary and permanent, as allowed by law;

6.  Costs of suit incurred herein; and

7.  Such further relief as the Court deems just and proper.


Dated: October 4, 2019                    Respectfully submitted,


                                          _/S/ Jovan Blacknell_____
                                          JOVAN BLACKNELL
                                          Attorney for Plaintiff
                                          ANDRE McCLELLAND

PLAINTIFF'S FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S FIRST AMENDED COMPLAINT